UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CYNTHIA STRICKLAND, on behalf of herself and others similarly situated, | § § § | Civil Action No.: |
| Plaintiff, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| WESTERN SHAMROCK CORPORATION D/B/A WESTERN FINANCE, | § § § | |
| Defendant. | | |

## CLASS ACTION COMPLAINT

### Nature of Action

1.      Cynthia Strickland ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., for the benefit of Texas consumers who have been the subject of debt collection efforts by Western Shamrock Corporation d/b/a Western Finance ("Defendant").

2.      Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3.      As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today.

4.      In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

5.      Further, over one-third of the debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers did not owe.[2]

6.      To combat this serious problem in the debt collection industry, the FDCPA requires debt collectors to send consumers "validation notices" containing certain information about their alleged debts and consumers' rights with respect to those debts. 15 U.S.C. § 1692g(a).

7.      A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*, § 1692g(a).

8.      As noted by the CFPB and the Federal Trade Commission, "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

9.      Significantly, a debt collector does not comply with section 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed

---

[1]      *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed January 4, 2019).

[2]      *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act—CFPB Annual Report 2018* at 15 (2018), https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2018/ (last accessed January 4, 2019).

effectively to the debtor." *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

10.     To be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998) ("A debt collection notice is overshadowing or contradictory if it fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights.").

11.     This case centers, in part, on Defendant's failure to effectively provide the disclosures required by 15 U.S.C. § 1692g in its initial written communications to Texas consumers, or within five days thereafter.

12.     This case also involves Defendant's efforts to design, compile and furnish debt collection letters in such a form as to create the false belief in consumers that an entity other than Defendant—namely, the Darby Law Firm, PLLC—is participating in the collection of debts allegedly owed to Defendant, when in fact the Darby Law Firm, PLLC was not so participating.

**Parties**

13.     Plaintiff is a natural person who at all relevant times resided in Montgomery County, Texas.

14.     Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due.

15.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal loan (the "Debt").

16.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17.    Defendant is a corporation with its principal office in Tom Green County, Texas.

18.    Defendant is a creditor who, in the process of collecting its own debts, uses a name other than its own which would indicate that a third person is collecting or attempting to collect such debts, and is therefore a debt collector under 15 U.S.C. § 1692a(6).

19.    Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default.

**Jurisdiction and Venue**

20.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

21.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and as Defendant transacts business in this district.

**Factual Allegations**

22.    On or about October 4, 2018, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

23.    A true and correct copy of the October 4, 2018 communication to Plaintiff is attached as Exhibit A.

24.    Defendant's October 4, 2018 communication to Plaintiff was the first communication Plaintiff received from Defendant in connection with the collection of the Debt in default.

25.    Plaintiff did not receive any other communication from Defendant within five days of the October 4, 2018 communication.

26.    The top of Defendant's October 4, 2018 communication states in bold letters, capital letters:

**DARBY LAW FIRM, PLLC**
**ATTORNEYS AND COUNSELORS AT LAW**

*Id.*

27.    The bottom of the letter is purportedly signed W. Drew Darby, Attorney at Law.

*Id.*

28.    Defendant's October 4, 2018 communication advises Plaintiff that Mr. Darby represents Defendant concerning a past due account. *Id.*

29.    Defendant's October 4, 2018 communication then advises Plaintiff:

This letter will serve as your FORMAL NOTICE that you have five (5) days from the date hereof to contact Ms. Norma Montez, the authorized representative of Western Finance to resolve your delinquency. Failure to contact Ms. Montez, or pay all your delinquent amounts due my client within the required five (5) day period will result in the acceleration of the remaining balance of the account. **You are further notified that a lawsuit may be filed in a court of competent jurisdiction without further notification.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*Id*.

30.    The return address on the October 4, 2018 communication is:

DARBY LAW FIRM, PLLC
136 W. TWOHIG, STE A
SAN ANGELO TX 76703

31.    Upon information and belief, the October 4, 2018 communication was created and disseminated by Defendant, not by the Darby Law Firm, PLLC.

32.    Upon information and belief, Defendant created and disseminated the October 4, 2018 communication to make it appear as if was sent by the Darby Law Firm, PLLC, an attorney debt collector.

33.    Upon information and belief, the Darby Law Firm, PLLC did not actively participate in the collection of the Debt.

## Class Action Allegations

34.    Plaintiff brings this action as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the following class and subclasses:

### The Class

All persons (a) with a Texas address, (b) to whom Western Shamrock Corporation d/b/a Western Finance mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that was either on Darby Law Firm, PLLC letterhead or contained the signature of W. Drew Darby.

### The Dispute Subclass

All persons (a) with a Texas address, (b) to whom Western Shamrock Corporation d/b/a Western Finance mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that was either on Darby Law Firm, PLLC letterhead or contained the signature of W. Drew Darby and (f) that (i) failed to include a statement that that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, or (ii) failed to include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector, or (iii) failed to include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

### The Overshadowing Subclass

All persons (a) with a Texas address, (b) to whom Western Shamrock Corporation d/b/a Western Finance mailed an initial debt collection communication not returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint, (e) that was either on Darby Law Firm, PLLC letterhead or contained the signature of W. Drew Darby and (f) that demanded that the consumer resolve the debt by a date less than 30 days from the date of the initial debt collection communication.

35.    Excluded from the class and subclasses are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

36.    The class and subclasses satisfy Rule 23(a)(1) because, upon information and belief, they are so numerous that joinder of all members is impracticable.

37.    The exact number of class and subclass members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

38.    The class and subclasses are ascertainable because they are defined by reference to objective criteria.

39.    In addition, upon information and belief, the names and addresses of all members of the class and subclasses can be identified in business records maintained by Defendant.

40.    The class and subclasses satisfy Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class and subclasses.

41.    To be sure, Plaintiff's claims and those of the members of the class and subclasses originate from the same standardized initial debt collection letter utilized by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class and subclasses.

42.     Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the class and subclasses and has retained counsel experienced and competent in class action litigation.

43.     Plaintiff has no interests that are contrary to, or irrevocably conflict with, the members of the class and subclasses that she seeks to represent.

44.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members of the class and subclasses is impracticable.

45.     Furthermore, as the damages suffered by individual members of the class and subclasses may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class sand subclasses to individually redress the wrongs done to them.

46.     There will be no unusual difficulty in the management of this action as a class action.

47.     Issues of law and fact common to the members of the class and subclasses predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the classes.

48.     Among the issues of law and fact common to the class and subclasses are:

a.   Defendant's violations of the FDCPA as alleged herein;

b.   whether Defendant is a debt collector as defined by the FDCPA;

c.   the availability of statutory penalties; and

d.   the availability of attorneys' fees and costs.

**Count I: Violation of The Fair Debt Collection Practices Act, 15 U.S.C. §1692j(a)
as to Plaintiff and the Class**

49.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

1 through 48.

50.     The FDCPA at 15 U.S.C. §1692j provides:

(a) It is unlawful to design, compile, and furnish any form knowing that such form
would be used to create the false belief in a consumer that a person other than the
creditor of such consumer is participating in the collection of or in an attempt to
collect a debt such consumer allegedly owes such creditor, when in fact such
person is not so participating.

51.     Defendant designed, compiled and furnished the October 4, 2018 communication

in such a form as to create the false belief in a consumer that a person other than Defendant—

namely, the Darby Law Firm, PLLC—was participating in the collection of the Debt, when in

fact the Darby Law Firm, PLLC was not so participating.

52.     As a result, Defendant violated 15 U.S.C. §1692j(a).

53.     The harm suffered by Plaintiff is particularized in that the violative initial debt

collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed

to effectively provide her statutorily mandated disclosures to which she was entitled.

54.     And the content of Defendant's October 4, 2018 communication created a

material risk of harm to the concrete interest Congress was trying to protect in enacting the

FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, No. 17-140, 2017 WL 4005008, at *2 (2d Cir.

Sep. 12, 2017) (concluding "that the specific procedural violation alleged in the amended

complaint presents a material risk of harm to the underlying concrete interest Congress sought to

protect with the FDCPA"); *see also Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250

(5th Cir. 2017) ("the violation of a procedural right granted by statute can be sufficient in some

circumstances to constitute injury in fact. Among those circumstances are cases where a statutory violation creates the risk of real harm.").

55.    Specifically, when a consumer is sent a letter signed by a lawyer on the letterhead of a law firm, she is likely to believe that the lawyer and law firm are actively participating in the collection of the debt.

56.    And that risk manifested itself here, as Plaintiff believed that the October 4, 2018 communication came from the Darby Law Firm, PLLC and that the Darby Law Firm, PLLC was actively participating in the collection of the Debt.

57.    In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

### Count II: Violation of The Fair Debt Collection Practices Act, 15 U.S.C. §1692g(a)(3) as to Plaintiff and the Dispute Subclass

58.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 48.

59.    The FDCPA at 15 U.S.C. §1692g(a)(3) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

*****

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

60.    Defendant's October 4, 2018 communication did not contain the disclosure required by 15 U.S.C. §1692g(a)(3), nor did Defendant provide such disclosure within five days thereafter.

61.    Specifically, Defendant's October 4, 2018 communication violated 15 U.S.C. §1692g(a)(3) by failing to inform Plaintiff that unless she, within thirty days after receipt of the October 4, 2018 communication, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant.

62.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily mandated disclosures to which she was entitled.

63.    Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

64.    And the content of Defendant's October 4, 2018 communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

65.    Specifically, when a consumer is not provided with her legal rights as required by law, she is left in the dark about her options in responding to a debt collection letter. *See, e.g., Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) ("The aim of § 1692g is to provide a period for the recipient of a collection letter to consider her options. It is also to make the rights and obligations of a potentially hapless debtor as pellucid as possible.").

66.    And that risk manifested itself here, as Plaintiff was unaware of her validation rights, and would have sought verification of the Debt had she been made aware of them.

67.    In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

### Count III: Violation of The Fair Debt Collection Practices Act, 15 U.S.C. §1692g(a)(4) as to Plaintiff and the Dispute Subclass

68.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 48.

69.    The FDCPA at 15 U.S.C. §1692g(a)(4) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

70.    Defendant's October 4, 2018 communication did not contain the disclosure required by 15 U.S.C. §1692g(a)(4), nor did Defendant provide such disclosure within five days thereafter.

71.    Specifically, Defendant's October 4, 2018 communication violated 15 U.S.C. §1692g(a)(4) by failing to inform Plaintiff that if she notifies Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant will obtain verification of the debt or a copy of a judgment against her and a copy of such verification or judgment will be mailed to the her by Defendant.

72.    The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily mandated disclosures to which she was entitled.

73.     Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

74.     And the content of Defendant's October 4, 2018, communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

75.     Specifically, when a consumer is not provided with her legal rights as required by law, she is left in the dark about her options in responding to a debt collection letter.

76.     And that risk manifested itself here, as Plaintiff was unaware of her validation rights, and would have sought verification of the Debt had she been made aware of them.

77.      In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

### Count IV: Violation of The Fair Debt Collection Practices Act, 15 U.S.C. §1692g(a)(5) as to Plaintiff and the Dispute Subclass

78.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 48.

79.     The FDCPA at 15 U.S.C. §1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

*****

 (4) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

80.     Defendant's October 4, 2018 communication did not contain the disclosure required by 15 U.S.C. §1692g(a)(5), nor did Defendant provide such disclosures within five days thereafter.

81.     Specifically, Defendant's October 4, 2018 communication violated 15 U.S.C. §1692g(a)(5) by failing to inform Plaintiff that upon her written request within the thirty-day period, the Defendant will provide her with the name and address of the original creditor, if different from the current creditor.

82.     The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily mandated disclosures to which she was entitled.

83.     Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

84.     And the content of Defendant's October 4, 2018, communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

85.     Specifically, when a consumer is not provided with her legal rights as required by law, she is left in the dark about her options in responding to a debt collection letter.

86.     And that risk manifested itself here, as Plaintiff was unaware of her validation rights, and would have sought verification of the Debt had she been made aware of them.

87.      In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

**Count V: Violation of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(b)
as to Plaintiff and the Overshadowing subclass**

88.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs

1 through 48.

89.    The FDCPA at 15 U.S.C. § 1692g(b) provides:

If the consumer notifies the debt collector in writing within the thirty-day period
described in subsection (a) that the debt, or any portion thereof, is disputed, or
that the consumer requests the name and address of the original creditor, the debt
collector shall cease collection of the debt, or any disputed portion thereof, until
the debt collector obtains verification of the debt or a copy of a judgment, or the
name and address of the original creditor, and a copy of such verification or
judgment, or name and address of the original creditor, is mailed to the consumer
by the debt collector. Collection activities and communications that do not
otherwise violate this subchapter may continue during the 30-day period referred
to in subsection (a) unless the consumer has notified the debt collector in writing
that the debt, or any portion of the debt, is disputed or that the consumer requests
the name and address of the original creditor. *Any collection activities and
communication during the 30-day period may not overshadow or be inconsistent
with the disclosure of the consumer's right to dispute the debt or request the name
and address of the original creditor.*

(emphasis added).

90.    Defendant demanded that Plaintiff contact it within five days from the date of

Defendant's October 4, 2018 to resolve the Debt, and further advised Plaintiff that failure to do

so would result in acceleration of the remaining balance of the account.

91.    But the FDCPA provides a consumer with thirty days from her receipt of a

collection letter to dispute a debt and request creditor information.

92.    As a result, the unsophisticated consumer, upon receiving Defendant's October 4,

2018 communication, would believe she needed to resolve the Debt within five days of the date

of the October 4, 2018 communication and be unaware (or at a minimum confused about her

rights) that she had the full thirty-day period as allowed by law from her receipt of the letter to

dispute the debt or request creditor information.

93. As such, Defendant violated 15 U.S.C. § 1692g(b).

94. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to her personally, regarded her personal alleged debt, and failed to effectively provide her statutorily mandated disclosures to which she was entitled.

95. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice, which allows a consumer to confirm that he owes the debt sought by the collector before paying it.

96. And the content of Defendant's October 4, 2018, communication created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA.

97. Specifically, when a consumer is informed that she must pay money within five days or risk acceleration of the remaining balance, and a lawsuit against her, she is unlikely to understand that this payment demand does not override her right to dispute the debt within 30 days.

98. And that risk manifested itself here, as Plaintiff was unaware that she had the full 30 days to dispute the Debt.

99. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of said right creates the risk of real harm.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

    A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

16

B.  Adjudging and declaring that Defendant violated 15 U.S.C. §1692j(a), and 15 U.S.C. § 1692g(a)(3)-(5) and (b);

C.  Awarding Plaintiff and members of the class and subclasses statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Awarding members of the class and subclasses actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E.  Enjoining Defendant from future violations of 15 U.S.C. §1692j(a), and 15 U.S.C. § 1692g(a)(3)-(5) and (b);

F.  Awarding Plaintiff and members of the class and subclasses their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G.  Awarding Plaintiff and the members of the class and subclasses any pre-judgment and post-judgment interest as may be allowed under the law; and

H.  Awarding other and further relief as the Court may deem just and proper.

### Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated:  October 3, 2019                    Respectfully submitted,


                                           /s/ *Aaron D. Radbil*
                                           Aaron D. Radbil
                                           Texas Bar No. 24094090
                                           Greenwald Davidson Radbil PLLC
                                           401 Congress Avenue, Suite 1540
                                           Austin, TX 78701
                                           Telephone: 512.803.1578
                                           Fax: 561.961.5684
                                           aradbil@gdrlawfirm.com

                                           /s/ *James L. Davidson*
                                           James L. Davidson*
                                           Attorney-in-Charge
                                           Florida Bar No. 723371
                                           Greenwald Davidson Radbil PLLC
                                           7601 N. Federal Highway, Suite A-230
                                           Boca Raton, FL 33487
                                           Tel: (561) 826-5477
                                           Fax: (561) 961-5684
                                           jdavidson@gdrlawfirm.com

                                           *Counsel for Plaintiff and the proposed class and subclasses*

                                           * to seek admission *pro hac vice*